

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-9-2002

# Cipolla v. Inst Psychoanalytic

Precedential or Non-Precedential:

Docket No. 01-3084

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Cipolla v. Inst Psychoanalytic" (2002). *2002 Decisions.* Paper 260.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/260

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-3084
_____

RICHARD E. CIPOLLA,

Appellant

v.

INSTITUTE FOR PSYCHOANALYTIC
PSYCHOTHERAPIES; HOWARD H. COVITZ;
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF PSYCHOANALYSIS
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 00-cv-02420
District Judge:  The Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
April 5, 2002
_____

Before: SLOVITER, BARRY, and ALARCON, Circuit Judges

(Opinion Filed: April 9, 2002)
_____

OPINION
_____

BARRY, Circuit Judge

    Richard Cipolla appeals the District Court's grant of summary judgment to defendants National Association for the Advancement of Psychoanalysis ("NAAP") and Institute for Psychoanalytic Psychotherapies ("IPP").  The District Court had jurisdiction under 28 U.S.C.  1332 (diversity of citizenship) and 28 U.S.C.  1441(a) (removal).  Our jurisdiction is pursuant to 28 U.S.C.  1291.

    Cipolla raises five issues on appeal, none of which is meritorious.  We will, therefore, affirm the judgment of the District Court.

I.

    The underlying facts are well known to the parties and will only briefly be recounted here.  Richard Cipolla graduated from IPP with a certificate as a psychoanalytic psychotherapist.  He applied for NAAP membership as a psychoanalyst.  NAAP accepted him for membership as a psychoanalytic psychotherapist, but refused him membership as a psychoanalyst because his certification was not in that area.  After arguing to NAAP that the training he received qualified him for membership as a psychoanalyst, he requested a letter from IPP certifying that he so qualified.  After substantial correspondence with IPP and Cipolla and a formal meeting of the IPP faculty, IPP declined to provide such a letter.  Although it offered to supply NAAP with various documentation of what Cipolla did do at IPP, IPP stated that it could not provide the requested letter.  It deferred to NAAP's "right to view and/or register IPP graduates in any manner consistent with the policies of each of their boards."  A.239.

    Cipolla filed suit in the Superior Court of New Jersey against NAAP, IPP, and

Howard Covitz, Director of IPP.  He claimed that he relied, to his substantial detriment, on statements made by NAAP and IPP suggesting that he would qualify as a psychoanalyst upon graduating, but that they refused to certify him as a psychoanalyst despite that reliance.  Defendants removed the case to federal court, and the claims against Covitz were dismissed.  The remaining defendants' motion for summary judgment was subsequently granted.

## II.

The summary judgment standard is also well known.  Examining the facts most favorably to the non-moving party, the court asks whether that party has proffered evidence, beyond its pleadings, that establishes a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  A reviewing appellate court reviews the lower court's decision de novo, applying the same standard as did the lower court.  Ideal Dairy Farms, Inc. v. John Labatt, LTD, 90 F.3d 737, 743 (3d Cir. 1996).

## III.

With regard to the grant of summary judgment to defendant NAAP, Cipolla argues, first, that the District Court improperly declined to evaluate the Association's "internal affairs," deferring to its decision as a non-profit organization; and, second, that there exists a genuine issue of material fact as to his estoppel claim.

The District Court did not err in deferring to NAAP's decision to refuse Cipolla membership as a psychoanalyst.  New Jersey courts traditionally accord substantial deference to the internal decision-making processes and policies of private, non-profit associations.  Loigman v. Trombadore, 550 A.2d 154, 161-62 (N.J. Super. 1988) ("Non-profit corporate associations such as the [State Bar] Association are given the utmost latitude in their regulation and management of intracorporate affairs."); see also Leon v. Chrysler Motor Corp., 358 F. Supp. 877, 884-85 (D.N.J. 1973) (applying New York law to emphasize "that non-profit corporate associations . . . are to be given the utmost latitude in the regulation and management of their intracorporate affairs").  NAAP's decision not to "certify plaintiff in a field in which he does not possess a degree," A.17, was reasonable, and hardly rose to the level of the "invasion of [Cipolla's] civil rights, of person or of property" that is typically necessary to require judicial intervention in such decision-making.  See Leeds v. Harrison, 87 A.2d 713, 719 (N.J. 1952).

Nor did the District Court err in holding that no genuine issue of material fact existed as to Cipolla's estoppel claim.  New Jersey law requires "justified and reasonable reliance" on material facts, even where the plaintiff shows "substantial detrimental reliance."  Palatine I v. Planning Bd. of Twp. Of Montville, 628 A.2d 321, 330 (N.J. 1993).  The District Court correctly concluded that Cipolla's reliance on materials from several years before his graduation and his application to NAAP for certification and/or registration as a psychoanalyst was neither justified nor reasonable, especially in light of the repeated dissemination of NAAP's standards and policies in official newsletters and correspondence.  In brief, this is not an instance where "the interests of justice, morality, and common sense clearly dictate" the application of equitable estoppel.  General Accident Ins. Co. v. New York Marine and Gen'l Ins. Co., 727 A.2d 1050, 1055 (N.J. Super. 1999) (citation omitted).

Because the District Court did not err, we will affirm the grant of summary judgment to NAAP.

## IV.

With regard to the grant of summary judgment to defendant IPP, Cipolla suggests that the District Court erred in three ways: deferring to IPP's decision as an "academic decision," A.20-22; failing to recognize his claim that IPP breached its contractual obligation to certify him as a psychoanalyst; and failing to recognize his estoppel claim against IPP.

First, the District Court did not err in characterizing IPP's decision not to certify him as a psychoanalyst as an academic decision to which deference was owed.  Both the United States and the Pennsylvania Supreme Courts have indicated a strong antipathy toward inserting themselves into faculty decisions about "the academic performance of students and their entitlement to promotion or graduation."  Swartley v. Hoffer, 734 A.2d

915, 921 (Pa. 1999). Believing that a part of academic freedom is the "autonomous decisionmaking by the academy itself," Regents of the Univ. of Mich. v. Ewing, 474 U.S. 214, 226 n.12 (1985), courts give substantial latitude to such decisions. The nature of the degree awarded is, of course, an academic decision. Moreover, IPP faculty members met formally to review Cipolla's situation and, after deliberation, it was the professional opinion of the faculty not to issue the letter Cipolla had requested. As the District Court pointed out, this was not a decision that substantially departed from "academic norms." Ewing, 474 U.S. at 225. Moreover, Cipolla did not proffer any evidence that the decision in question was motivated by bad faith or ill will. See Stoller v. College of Medicine, 562 F. Supp. 403, 412 (M.D. Pa. 1983) (criteria for showing substantive due process violation). The District Court correctly determined that a court will not interfere with a decision that has a rational academic basis, as did IPP's here.

Second, Cipolla argues that the District Court's failure to consider his breach of contract claim was error. We find no error. To plead an action for breach of contract, Pennsylvania law requires "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." Williams v. Nationwide Mut. Ins. Co., 750 A.2d 881, 884 (Pa. Super. 2000) (citation omitted). Cipolla's case fails at least the second prong. Even assuming that the IPP Handbook created a contract, as Cipolla suggests it does, nowhere does that Handbook viewed in its totality create a legal duty on IPP to certify to NAAP that Cipolla qualifies as a psychoanalyst. Indeed, although IPP's literature indicates that a graduate will be eligible for membership in NAAP, it also indicates explicitly that he or she will be certified by IPP as a psychoanalytic psychotherapist (as Cipolla was). Because IPP had no duty to certify Cipolla as a psychoanalyst, his breach of contract claim fails.

Finally, Cipolla cannot sustain a cause of action based on equitable estoppel. Similar to the New Jersey case law discussed above, Pennsylvania requires both inducement and justifiable reliance by a disadvantaged party. See Novelty Knitting Mills, Inc. v. Siskind, 457 A.2d 502, 503-04 (Pa. 1983). Just as Cipolla's reliance on early statements by NAAP was unjustified given the totality of the circumstances, so too was his reliance on selected language from IPP's 1993 Handbook and brochures to suggest that when he graduated, IPP would have a legal obligation to certify him as a psychoanalyst.

V.

We will affirm the judgment of the District Court.

TO THE CLERK OF THE COURT:
Kindly file the foregoing Opinion.

/s/ Maryanne Trump Barry
Circuit Judge